CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB -2 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VANCE SCOTT HENSLEY,<br>Petitioner, | ) ) ) | Civil Action No. 7:15-cv-00037 |
| v. | ) ) | **MEMORANDUM OPINION** |
| COMMONWEALTH,<br>Respondent. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Vance Scott Hensley, a Virginia pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus. Petitioner complains that the Orange County Circuit Court will not release Petitioner on pre-trial bond and alleges that his counsel renders ineffective assistance during pretrial proceedings.

A federal court will only inquire into a state court's determination of bail when the determination is arbitrary or discriminatory or results in the denial of counsel or a fair trial. Mastrian v. Hedman, 326 F.2d 708, 710-11 (8th Cir. 1964); Wansley v. Wilkerson, 263 F. Supp. 54, 56-57 (W.D. Va. 1967). "The purpose of requiring a bond is to assure the presence of the defendant at the trial. If the trial judge reasonably believes that regardless of the amount set the accused will be unlikely to be present at trial, he may deny bail completely. Also, a trial judge must deny bail if he feels the release of the accused will endanger the safety of the community." Wansley, supra, at 57 (internal citations omitted).

Petitioner fails to establish that the denial of bail was arbitrary or discriminatory or resulted in the denial of counsel or a fair trial. Furthermore, absent extraordinary circumstances, federal courts must not interfere with pending state criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). Federal district courts should abstain from constitutional

challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Clearly, Petitioner may present his claims to state courts during trial, appeals, and collateral proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc) ("Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a court from enjoining state criminal proceedings, and I lack jurisdiction to grant mandamus relief against state officials or state agencies. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969).

Accordingly, the petition is dismissed without prejudice, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases, because it plainly appears from the petition that Petitioner is not entitled to relief. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 2nd day of February, 2015.

Senior United States District Judge